**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

URISHOV MARDON,

Petitioner,

v. Case No. 2:26-cv-03503 KWR-GJF

WARDEN, *Otero County Processing Center*,
MARY DE ANDA-YBARRA, *Field Office Director, El Paso, U.S. Immigration and Customs Enforcement,*
ACTING DIRECTOR, *Immigration and Customs Enforcement,*
TODD BLANCHE, *U.S. Attorney General, and*
MARKWAYNE MULLIN, *Secretary, U.S. Department of Homeland Security*,

Respondents.

**ORDER GRANTING HABEAS PETITION**

**THIS MATTER** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus (**Doc. 1**). Petitioner asserted a single claim, that his prolonged detention violates due process. Respondents did not expressly address the prolonged detention claim or dispute that his prolonged detention violates due process. Because Respondents do not dispute that a due process violation occurred, Petitioner's Petition is well-taken and therefore is **GRANTED**.

**BACKGROUND**

Petitioner is a citizen of Uzbekistan and is currently detained by ICE at the Otero County Processing Center. He was paroled into the United States on April 28, 2023. He worked as a truck driver. On March 25, 2026 he was detained by ICE at a check point. He asserts he has no criminal history. Respondents assert in a footnote that he was arrested (and presumably released) for simple

assault in January 2026. But they do not give any details regarding the alleged assault or any documentation. They do not assert that he was convicted, that he assaulted a law enforcement officer, or that his actions resulted in serious bodily injury. And they do not argue that he is mandatorily detained under § 1226(c). Rather, they admit that Petitioner received a bond hearing under § 1226 in August 2026 and bond was denied. But the reason for the denial of bond is not in the record.

Petitioner's removal proceedings remain pending and he has not been ordered removed.

Petitioner asserted a single claim, that his detention is prolonged in violation of due process. In response, Respondents merely argued that he cannot challenge his bond decision. But Petitioner expressly asserted he was not challenging his bond decision.

## DISCUSSION

First, Petitioner's due process rights were violated because he did not receive a bond hearing at the beginning of his detention. He was detained in March 2026. He did not receive a bond hearing until August 2026. Petitioner was entitled to a bond hearing at the beginning of his detention. *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (Federal regulations require that noncitizens subject to Section 1226(a) "receive bond hearings at *the outset of detention*."); *see also Abedi v. Carter*, No. 25-3179, --F.4th --, 2026 WL 3149141 (10th Cir. Oct. 21, 2026) (where government failed to follow regulations in revocation of order of supervision, release was warranted). Here, it appears Petitioner did not receive a bond hearing until approximately five months into his detention. Respondents do not argue or establish that he is mandatorily detained under § 1226(c). They assert he was arrested for simple assault, but that is not a basis, by itself, to mandatorily detain a noncitizen. His procedural due process rights were clearly violated.

Second, Petitioner asserted a claim for prolonged detention in violation of due process. Petitioner, a noncitizen in immigration custody, has substantive due process rights. *Rodriguez-Fernandez v. Wilkinson*, 654 F.2d 1382, 1387 (10th Cir. 1981) ("[A]n excluded alien in physical custody within the United States may not be 'punished' without being accorded the substantive ... due process guarantees of the Fifth Amendment."). Respondents may violate a noncitizen's substantive due process rights if immigration detention becomes punitive. *Id.* Nevertheless, "the mere fact that a person is detained does not inexorably lead to the conclusion that the government has imposed punishment." *United States v. Salerno*, 481 U.S. 739, 746 (1987) (examining pretrial detention). A restriction on liberty is punitive rather than regulatory if (a) the government intends to impose punishment, or (b) a legitimate nonpunitive governmental purpose may not be rationally assigned to the restriction or the restriction is excessive in relation to that purpose. *Id.* at 747. Petitioner asserted that his detention is punitive and excessive, and his detention had no end in sight. He expressly stated he was not challenging his bond decision. In response, Respondents merely asserted that Petitioner could not challenge his bond decision, but did not address his prolonged detention claim. They did not dispute that his detention violated due process, that his detention was punitive or excessive in relation to its purpose, or that his detention had no end in sight. Respondents therefore did not expressly dispute or respond to the only claim in the petition, his prolonged detention claim. They provide no reason why Petitioner should be detained. The failure to address or dispute the due process argument constitutes a concession. *See, e.g., Alfaro Herrera v. Baltazar*, No. 1:25-CV-04014-CNS, 2026 WL 91470, at *5 (D. Colo. Jan. 13, 2026) (failure by government to address arguments in habeas petition constituted a concession).

Release is the appropriate remedy in this case. *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (habeas is "a remedy for unlawful executive detention," and the "typical remedy is, of course,

release"); *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (Federal district courts have broad equitable powers to craft habeas relief); 28 U.S.C. § 2243 (District courts have the power and authority to dispose of habeas corpus matters "as law and justice require").

This order should not be interpreted to prohibit detention under changed circumstances or if he is subject to mandatory detention under 8 U.S.C. § 1231.

**IT IS THEREFORE ORDERED** that Petitioner's Petition is hereby **GRANTED.**

**IT IS FURTHER ORDERD** that Respondents' Motion to Dismiss (Doc. 7) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Temporary Restraining Order (Doc. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that Respondents shall immediately release Petitioner.

/S/
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE